## SCHNEIDER et v. OLD NORTHW. MORTG. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8260. Decided Feb. 27, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

542. FORECLOSURE—941 Practice and Procedure.

Where complaining party could not be injured in any way by application of rule of Common Pleas Court with regard to how bidding shall be conducted, not necessary for Court of Appeals to pass upon the validity of such rule.

Error to Common Pleas.
Judgment affirmed.

O. D. Eshelman, Cleveland, for Schneider et. Sanborn & Nacey, and Walter Smith, Cleveland, for Mortg. Co.

FULL TEXT.

VICKERY, J.

This cause comes into this court on a petition in error to the Court of Common Pleas of Cuyahoga County. The error complained of is that the court, upon motion, confirmed a certain sale of real estate belonging to the plaintiff in error. It seems that a suit was brought to foreclose a mortgage on the property, and that an order of sale was obtained and the advertisement was made, and prior to the act complained of in this petition in error, the property was sold and so far as the record shows it was sold for cash and we are informed in open court, that there was a distribution of the money realized from the sale; that the first lienholder got the money and perhaps the second.

We are informed, that objection was made to the confirmation of this sale by the plaintiff in error, on the ground that she would attempt to redeem the property and that ten days were given her in which to raise the money to do so. No money was forthcoming from her, nor has there been any tender in this or the lower court of any amount of money and on motion of the sheriff the sale was confirmed, as already stated, and a deed ordered, distribution made, and balance of the money paid into court.

Now the objection is made because of the advertisement. We do not deem it necessary to pass upon the validity of the rules of the Common Pleas Court with respect to how the bidding should be conducted. The plaintiff in error cannot be injured in any way by the application of such rule whether the court did or did not have the power to make it.

The sale was apparently made for cash and it brought more than two-thirds of its appraised value, and everything seems to be regular in the record. No better purchaser having been produced, the plaintiff in error not redeeming before the confirmation, although given an opportunity, we cannot see that she has any reason to complain, nor are the errors alleged in the argument of this case of sufficient import to warrant the court in disturbing the judgment of the court below. It will, therefore, be affirmed.

(Levine, J., concurs. Sullivan, PJ., not sitting.)